Dear Mr. Pasqua:
You have requested a legal opinion on whether, under the "sunshine law" (The "Open Meetings" laws — R.S. 42:4.1 through 13), you, as a member of the Slidell Memorial Hospital Board of Commissioners, must submit your requests for information in writing. You point out that the board voted several years ago by resolution to require board members to submit requests for information in writing. You do not specify what kind of information is being requested.
It is our opinion that the laws you referred to do not prohibit the board from adopting and following a policy requiring requests for information from board members to be in writing. The essential purpose of the "Open Meetings" laws is spelled out in R.S. 42:4.1 to require public bodies to conduct public business in an open and public manner so that the citizens are advised and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Thus, the meetings of public bodies and the conduct of their business are generally required to be open. Written minutes of the proceedings are required to be kept, and they are public documents generally subject to public examination under the public records laws — R.S. 44:1 et seq. and 31 et seq. Public bodies must render written public notice of their meetings in advance thereof, generally to include the agenda, date, time, and place of such meetings.
In our opinion, requiring that such proceedings be open to the public does not equate to requiring that all procedures to request information — or, for that matter, to request that an item be put on the agenda of a future meeting — be done orally and not in writing. Indeed, requiring such procedures in writing appears to fulfill the purpose of the "sunshine law" in creating a paper trail of written documents that can be examined by the public under R.S. 44:31.
It should be noted that there are exceptions to the public viewing of the proceedings of public bodies and to the public examination of public records. These exceptions include a discussion, under certain conditions, of the character, professional competence, or physical or mental health of a person, including a hospital staff member or employee, [R.S.42:6.1(A)(1)] and certain recorded hospital data regarding patients [R.S. 44:7]
It would seem reasonable for a hospital board of commissioners to desire having requests for information from board members in writing so that it can be determined in advance whether the information requested is the type that is open to public view or the type that calls for executive session under the law. Such a policy and procedure would appear, ostensibly anyway, to promote efficiency and good order.
Trusting this opinion has answered the scope of your inquiry, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: THOMAS S. HALLIGAN Assistant Attorney General
TSH:cdw-0722